The opinion of the court vVas delivered by
GibsoN J.
The plaintiff sued the defendant who was a justice of the peace, and had rendered a judgment against him from which the plaintiff had appealed, for not certifying the recognizance of bail along with the transcript; for want of which the appeal was quashed. At the trial, the plaintiff offered to prove, that on the 10th or 12th of July, 1818, (a period considerably more than six months preceding the commencement of the suit,) he had tendered sufficient bail; and the evidence thus'offered, being objected to, was overruled. It is argued by the plaintiff in error, that the act limiting the time for bringing actions against justices, should, as it was not pleaded, have been laid out of the case. I can see no reason for that. The policy of requiring a statute of limitation to be plead in any case, is extremely questionable. There are, however, many cases where pleading is required by a long train of decisions, and these it would now be improper to disturb ; but where the statute is beneficial, and there is no positive authority in the way, we should not be justifiable in interposing the slightest obstacle between the party and the enjoyment of the relief intended to be secured to hita. Justices of the peace are bound to act, and at their peril : consequently from the infinite variety, and the minute nature of the business, which falls to the share of their jurisdiction, they are continually and even with the best intentions, in imminent danger of going wrong. The legislature has thought them, and justly I presume, fair objects of protection, and the laws made for that purpose, have always been beneficially construed. It would seem the correspondent statute of Geo. 2. which is the counterpart of our act, is constantly given in evidence on the general issue. (2 Phillips Ev. 245.) But still I am of opinion the evidence should not have been rejected. The injury complained of was the neglect to certify the recognizance of bail, by which the right of appeal was frustrated ; and this may have happened immediately before the entry of the appeal with the prothonotary, and a considerable time after it was taken before the magistrate. The evidence rejected was that sufficient bail had been tendered: which was merely the ground work of the case and introductory of the evidence of the gravamen, the neglect to certify the recognizance; and that, from all that appears, may have been within the six months. The court could not say how far the plaintiff mignt have gone in making out his case, had he been suffered to proceed. Sometimes a plaintiff discloses all his evidence at once; and I will not say there may not be cases where the whole evidence, taking it all to be true, shall be so palpably deficient in making out a case on which the plaintiff might recover, as to justify the court in .rejecting it on the ground of irrelevancy. Where, however, there is the Slightest doubt, it is clear the evidence should go to the jury with the direction of the court as to its legal effect: much more so where the court in rejecting the evidence assume the existence of any collateral fact. In such case the consideration of the fact is withdrawn from the jury, which is error.
Judgment reversed and venire facíais de novo awarded.